UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:14-cr-00025-GFVT-HAI-12 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM HENRY BROCK, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 1097.] For the reasons that follow, Judge Ingram's Report and Recommendation will be ADOPTED in its entirety.

**I**

Defendant William Henry Brock has been charged with violating the terms of his supervised release. [R. 1090.] This Court entered a judgment against Mr. Brock in November of 2015, following a guilty plea to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. [R. 791.] Mr. Brock was sentenced to eighty-seven months in prison, followed by an eight-year term of supervised release. *Id.* at 2–3. Mr. Brock was released and began his term of supervision on November 9, 2020.

On July 16, 2021, the United States Probation Office (USPO) issued the Supervised Release Violation Report that commenced these proceedings. [R. 1097 at 1.] The report charges four violations. *Id.* On June 24, Mr. Brock's probation officer traveled to Mr. Brock's reported address and found that Mr. Brock had recently moved to another address. *Id.* The officer phoned Mr. Brock, who confirmed that he had indeed moved, that he had also lost his job, and

that he was now living with his girlfriend. *Id.* The following day, after reporting to the Probation Office as instructed, Mr. Brock yielded a positive urine screen for fentanyl (a subsequent lab test confirmed positive fentanyl results on July 6). *Id.* at 2. Mr. Brock denied use, however, arguing that he must have touched something his girlfriend had come in contract with because he had seen her use illegal substances. *Id.* The officer instructed Mr. Brock to cease contact with his girlfriend because "she is a drug user, and therefore engaged in criminal activity." *Id.*

Mr. Brock tested negative at a second drug screen on June 20, but a third drug screen, administered on July 15, again yielded a positive instant result for fentanyl. *Id.* Mr. Brock again initially denied drug use and lab results were pending at the time of the Probation Office's first report. *Id.* The Probation Office's Report initially included four violations: (1) a Grade C violation for failing to refrain from using any controlled substance except as prescribed by a physician; (2) a Grade B violation for committing another federal, state, or local crime (which is a Class E felony under 21 U.S.C. § 844(a)); (3) a Grade C violation for associating with persons engaged in criminal activity absent permission from the probation officer; and (4) a Grade C violation for failing to truthfully answer all questions from the probation officer and failing to follow the instructions of the probation officer. *Id.* at 2–3. On August 9, 2021, the USPO issued an Addendum to the Report, which charged Mr. Brock with two additional violations: (5) a Grade C violation for again failing to refrain from using any controlled substance except as prescribed by a physician; and (6) a Grade B violation for committing another federal, state, or local crime (which is a Class E felony under 21 U.S.C. § 844(a)). *Id.* at 3–4.

On July 22, 2021, Judge Ingram conducted an initial appearance with Mr. Brock pursuant to Rule 32.1. [R. 1093.] At the hearing, Mr. Brock was advised of his rights, as well as the

nature and circumstances of his alleged violations. *Id.* Mr. Brock, after being sworn, competently, knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. *Id.* On August 8, Judge Ingram conducted the final hearing. [R. 1096.] At the hearing, Mr. Brock entered a knowing, voluntary, and intelligent stipulation as to all six violations. *Id.* Judge Ingram found that Mr. Brock was competent to stipulate to the violations and that the stipulation was competently, knowingly, and voluntarily and intelligently entered into and was consistent with the advice of counsel. *Id.* Therefore, for the purposes of Rule 32.1 proceedings, Mr. Brock admitted the factual basis for the violations as described in the Report and Addendum and established all six violations under the standard for § 3583(e). [R. 1097 at 4.] At the hearing, the Government requested revocation with eleven months of imprisonment, followed by six years of supervised release, and the defense requested either long-term impatient drug treatment or revocation with eight months of imprisonment followed by six years of supervised release. [R. 1097 at 5.]

**II**

After the hearing, Judge Ingram carefully reviewed the entire record, including the Report and all accompanying documents, and the underlying Judgment and sentencing materials. Judge Ingram also considered the factors set forth in 18 U.S.C. § 3553, as incorporated in § 3583(e). Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction. Mr. Brock's underlying conviction is a Class C felony, and this results in a two-year maximum period of incarceration following revocation pursuant to § 3583(e)(3). *Id.* at 4.

Judge Ingram analyzed the Policy Statements in Chapter 7 and determined, given Mr. Brock's criminal history category of III (at the time of his original conviction in this District) and

3

admitted Grade B violations,[1] that Mr. Brock's range of revocation is eight to fourteen months. *Id.* at 5.  A court is permitted to reimpose supervised release, following revocation, for a maximum period that subtracts any term of incarceration imposed because of a violation.  *See* 18 U.S.C. § 3583(k).  Mr. Brock's conviction for a conspiracy to distribute methamphetamine, however, does not carry a maximum term of supervised release.  [R. 1097 at 5 (citing 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(A)(viii)).]

Congress mandates revocation in a case of this nature because Mr. Brock possessed a controlled substance.  *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession).  The only exception to the mandate is if a suitable treatment option exists, or Mr. Brock's record of involvement in treatment, warranted relief.  *See* 18 U.S.C. § 3583(d); *Crace*, 207 F.3d at 835 (holding district court was "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)").  Judge Ingram found that given the fact that Mr. Brock was caught using fentanyl twice and initially denied using it both times, inpatient treatment in lieu of revocation is not appropriate in this case.  [R. 1097 at 7.]

In determining the appropriate revocation term of imprisonment, Judge Ingram considered all the statutory factors imported into the § 3583(e) analysis as well as the Guidelines Range.  *Id.* at 6.  Judge Ingram noted that, regarding the nature and circumstances of the underlying offense and need to deter criminal conduct, Mr. Brock "participated in a wide-ranging meth distribution conspiracy" and has now committed two additional (unindicted) drug-

---

[1] "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."  U.S.S.G. § 7B1.2(b).

4

possession felonies. *Id.* at 7. Judge Ingram noted that Mr. Brock's "current lack of stability and drug use" is particularly concerning. *Id.*

Judge Ingram next considered Mr. Brock's history and characteristics and the need to deter criminal conduct and protect the public. *Id.* Judge Ingram found that Mr. Brock had a serious and long-term drug abuse problem, in addition to exhibiting dishonesty and resistance to supervision. *Id.* Judge Ingram found that Mr. Brock has a history "of lack of respect for the law that his lengthy federal prison sentence did not correct." *Id.* Therefore, Judge Ingram found that going below a mid-Guidelines sentence would not be appropriate in this case. *Id.* As to the need for future treatment, Judge Ingram found that Mr. Brock's history of drug addition and drug trafficking demonstrates that he is a continued risk to the public and needs to be deterred. *Id.* at 7–8.

Judge Ingram also found that the primary wrong in the context of supervised release is the violation of the Court's trust. *Id.* at 8. Although this will only be Mr. Brock's first revocation, Judge Ingram noted the significant breach of trust given the multiple violations that included a lack of candor and resistance to following the probation officer's instructions. *Id.* Therefore, Judge Ingram found a mid-Guidelines recommended sentence to be appropriate.

Finally, Judge Ingram considered the requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is addressed by a recommended sentence within the Guidelines Range. *Id.* at 8. Here, Judge Ingram recommended a sentence within the sentencing guidelines range.

Ultimately, Judge Ingram made the following recommendations: (1) Mr. Brock be found guilty of all violations in the Report and Addendum; and (2) Mr. Brock's term of supervision be revoked and he be given an eleven-month term of imprisonment followed by six years of

supervised release. *Id.* at 8–9.

Judge Ingram's Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 9; *see* 28 U.S.C. § 636(b)(1). The Report and Recommendation also provides the parties with the consequences of failing to object within the provided timeframe. *Id.*; *see Thomas v. Arn*, 474 U.S. 140 (1985). Mr. Brock has not filed any objections to Judge Ingram's Report and Recommendation and has provided a Waiver of Allocution.[2] [R. 1121.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation made as to Defendant William Henry Brock **[R. 1097]** is **ADOPTED** as and for the opinion of the Court;

---

[2] Mr. Brock did not initially provide a Waiver of Allocution. However, after the Court scheduled a supervised release hearing, counsel for Mr. Brock filed the Waiver of Allocution and the hearing was canceled. [R. 1120; R. 1121; R. 1123.]

2. Mr. Brock is found **GUILTY** of the violations contained in the Report and Addendum;

3. Mr. Brock's period of supervised release is **REVOKED**, and he shall serve a term of imprisonment of eleven months; and

4. Upon release, Mr. Brock shall serve a six-year term of supervised release.

This the 29th day of September, 2021.

Gregory F. Van Tatenhove
United States District Judge